GARY CARTER,              )
                        )
        Plaintiff,     )
                        )
v.                      )     No. 2:13-cv-0064
                        )
W.B. MELTON (SHERIFF) and    )     Judge Sharp
SHANNON HARVEY (JAIL ADMINISTRATOR), )
                        )
        Defendants.    )

## MEMORANDUM OPINION

Plaintiff Gary Carter, a state inmate presently incarcerated at the Overton County Justice Center in Livingston, Tennessee, has filed a *pro se* complaint under 42 U.S.C. § 1983 (ECF No. 1). Because the plaintiff proceeds *in forma pauperis*, his complaint is before the Court for an initial review pursuant to 28 U.S.C. § 1915(e)(2).

**I.     Standard of Review**

Under the PLRA, 28 U.S.C. § 1915(e)(2)(B), the Court must conduct an initial review of a civil complaint filed *in forma pauperis* and dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under [the PLRA} because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual

allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). Although *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II.    Factual Allegations

The plaintiff states that, pursuant to a plea agreement, he pleaded no contest to charges in the Overton County Criminal Court, Case No. 2012-cr-211, and on December 4, 2012, was sentenced in that court to a six-year sentence. Judgment was entered on January 4, 2013. As part of the plea agreement, and as noted in the judgment attached to the complaint (ECF No. 1-1), the six-year sentence handed down by the Overton County Criminal Court was to run concurrently with a six-year sentence handed down by the Circuit Court for Jefferson County, Kentucky, Case No. 06CR0867.

According to the plaintiff, despite the express desire of the sentencing court as expressed on the judgment, his two sentences are still running consecutively. He claims that the "Overton County Criminal Court agreed to run their time concurrent with Kentucky but my times aren't being administered that way and I'm being deprived of my life and liberty without due process of law." (ECF No. 1, at 7.) The plaintiff alleges that he has submitted several inmate request forms to the jail administrator, defendant Shannon Harvey, and has met with her a few times to discuss this issue, but Harvey disclaims any involvement in the computation of sentences and insists that defendant Sheriff W.B. Melton and the District Attorney, defendant Owen G. Burnett "are the ones to be held accountable for the reason the sentences aren't running concurrent." (*Id.*). The plaintiff was allegedly told by Harvey that she was "informed that [the plaintiff] was to serve [his] Tennessee sentence first and then go to Kentucky to answer that sentence," which the plaintiff claims violates his plea agreement. (*Id.*) He continues:

> The Sheriff and Jail Administrator are in control of where and how I do my time and with that said, [Sheriff] W.B. Melton and Shannon Harvey being the executive authorities here at the Overton County Justice Center are the ones not honoring my plea agreement and judgment. I have served 9 months without my sentences running concurrent because the executive authorities don't want to ship me for whatever reason. Also, as a result, I'm subject to racism daily, in which I believe constitutes a violation of my 8th Amendment right to not have cruel and unusual punishment inflicted.

(*Id.*)

The plaintiff believes he is either being illegally detained or is serving an illegal sentence. Besides the Overton County Sheriff and Administrator of the Overton County Justice Center, he names as defendants his sentencing judge, David A. Patterson; the assistant district attorney who prosecuted him, Owen G. Burnett; and his appointed defense counsel, Joshua Hoeppner, on the basis that these individuals too are violating his due process rights in violation of the Fifth Amendment, and subjecting him to cruel and unusual punishment in violation of the Eighth Amendment.

The plaintiff seeks declaratory relief as well as nominal and punitive damages. (ECF No. 1, at 7.)

**III.    Discussion**

The plaintiff seeks to bring suit under 42 U.S.C. § 1983 to vindicate alleged violations of his federal constitutional rights. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Burnett v. Gratta*n, 468 U.S. 42, 44 n.3 (1984); *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir. 1996). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

The Court first notes that, insofar as the plaintiff seeks to state a claim against prison officials based on "racism" experienced at the jail, his attempt fails. His allegations are completely lacking in factual content and are therefore too vague and conclusory to state a facially plausible claim related to the violation of his rights under the Equal Protection Clause of the Fourteenth Amendment.

With respect to the plaintiff's claims relating to the execution of his sentence, the Court finds that the plaintiff's criminal defense counsel, even if he was appointed by the criminal court, does not qualify as a state actor subject to suit under § 1983. The claim against the defense attorney, Hoeppner, for both injunctive relief and damages is subject to dismissal on that basis. The assistant district attorney and judge named as defendants are generally entitled to absolute immunity from damages. Irrespective of immunity issues, however, the plaintiff fails to allege facts that suggest that the sentencing judge or prosecuting attorney are in any way involved in the computation or execution of the plaintiff's sentence.

The plaintiff therefore fails to state a claim under § 1983 against these defendants too.

The question remains whether the complaint states a claim against defendants Melton and Harvey, whom the plaintiff names in both their individual and official capacity. The Sixth Circuit has recognized as a "general proposition" that "the Eighth and Fourteenth Amendment may be implicated when a prisoner is detained beyond his jail sentence." *Beil v. Lake Erie Corr. Records Dep't*, 282 F. App'x 363, 368 (6th Cir. 2008) (citing *Davis v. Hall*, 375 F.3d 703, 718–19 (8th Cir. 2004) (collecting cases from other circuits); *Sample v. Diecks*, 885 F.2d 1099, 1108 (3d Cir. 1989); *Moore v. Tartler*, 986 F.2d 682, 685-86 (3d Cir. 1993); *Campbell v. Peters*, 256 F.3d 695, 700 (7th Cir. 2001)). In this case, however, the plaintiff has not been detained beyond his sentence: He alleges that he was sentenced to a six-year term in December 2012. Even with jail credit from February 27, 2012 through December 4, 2012 (*see* ECF No. 1-1), it is clear that the plaintiff's sentence has not expired.

The plaintiff alleges instead that his sentence is not being computed correctly because it is supposed to be running concurrently with a sentence imposed by a Kentucky court. He seems to believe that, because he is not serving the sentence in Kentucky, it is not running concurrently with the Kentucky sentence.

To the extent the plaintiff challenges the execution of his sentence, he might have brought a habeas corpus action under 28 U.S.C. § 2254.[1] Further, if his complaint is construed as simply challenging the duration of his sentence, this Court would lack jurisdiction over the claim. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (reconfirming that "a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973))). This rule applies both if the plaintiff seeks immediate release and if he seeks "the 'shortening' of his term of confinement." *Id.* at 79 (quoting *Preiser*, 411 U.S. at 482).

Construing the complaint liberally, however, the Court finds that the plaintiff technically does not

---

[1] Some courts authorize state prisoners to bring challenges to the execution of their sentences under 28 U.S.C. § 2241. However, by its terms, § 2254 applies to state prisoners who challenge either the imposition or the execution of their sentences. *See Allen v. White*, 185 F. App'x 487, 489–90 (6th Cir. 2006) ("[Section] 2254 allows state prisoners to collaterally attack either the imposition or the execution of their sentences. And indeed, there exists some question whether state prisoners may ever proceed under § 2241." (citation omitted)). To the extent a state prisoner may be permitted to proceed under § 2241 in this Circuit, his petition will be subject to the restrictions imposed by § 2254, including the requirement that he exhaust his state court remedies before bringing suit in federal court. *See Greene v. Tenn. Dep't of Corr.*, 265 F.3d 368, 371 (6th Cir. 2001). Because it does not appear that the plaintiff has exhausted his state remedies, the Court will not construe his complaint as filed under § 2254 (or § 2241).

seek a shortening of his sentence. Rather, he appears to seek a declaration that the jail officials who have custody of him should comply with the terms of his sentences as imposed by the judgments of conviction. As set forth above, the holding of a prisoner beyond the terms of his sentence may implicate his constitutional rights. *Beil*, 282 F. App'x at 368; *see also Shorts v. Bartholomew*, 255 F. App'x 46, 51 (6th Cir. 2007) ("[T]hat the right at issue is secured by the Constitution and laws of the United States is beyond dispute: when a prisoner's sentence has expired, he is entitled to release."). The Third Circuit has held that, to establish § 1983 liability in this context, a plaintiff must demonstrate that a prison official had knowledge of the prisoner's contention that the sentence the prisoner is serving has been incorrectly calculated and that there is a risk that unwarranted punishment is being or will be inflicted. *Sample v. Diecks*, 885 F.2d 1099, 1110 (3d Cir.1989). Second, the plaintiff must show that the official either failed to act or took only ineffectual action under the circumstances indicating that his or her response to the problem was a product of deliberate indifference to the prisoner's plight. *Id.* And third, the prisoner must show a causal connection between the official's response to the problem and the infliction of the unjustified detention. *Id.* The Court determines, for purposes of the initial review, that the complaint adequately states claims against Melton and Harvey under this standard, based on allegations that the plaintiff's sentence has been incorrectly calculated and that there is a risk that he will serve unwarranted punishment, that the defendants have failed to take any action despite knowledge of the risk, and that they are responsible for taking such action. Although the Court expresses no opinion as to the truth of the plaintiff's allegations or the merits of his claims, the plaintiff's action for declaratory relief against defendants Melton and Harvey will be permitted to proceed past this initial review.

## V.      CONCLUSION

For the reasons set forth herein, the claims against defendants Patterson, Burnett, and Hoeppner will be dismissed under 28 U.S.C. § 1915(e)(2) for failure to state a claim for which relief may be granted, but the claims against defendants Melton and Harvey will be permitted to proceed past the initial review. An appropriate order is filed herewith.

Kevin H. Sharp
_____
Kevin H. Sharp
United States District Judge