IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| GARY CARTER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>W.B. MELTON, in his official and individual )<br>capacities, and SHANNON HARVEY, in his )<br>official and individual capacities, )<br>)<br>Defendants. ) | Case No. 2:13-cv-00064<br>Judge Sharp / Knowles |

# REPORT AND RECOMMENDATION

This matter is before the Court upon the pro se Plaintiff's Motion for Summary Judgment. Docket No. 15. Plaintiff's "Motion," in its entirety, states:

> Comes, the Plaintiff, Gary Carter and moves this Honorable Court for the purpose of a Motion for Summary Judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure.
>
> The Plaintiff, contends that there is no genuine issue for trial, and a concise statements [*sic*] of facts is submitted herewith.

Docket No. 15.

Attached to his Motion, Plaintiff has submitted a "Concise Statement of Facts," which states as follows:

> 1.) The Plaintiff asserts that, the Defendants are persons acting under color of state law, and are indicated in a deprivation of rights secured by the Constitution and laws of the United States, by holding the Plaintiff beyond the terms of his sentence as noted in the judgment attached to the Complaint.
>
> 2.) The Plaintiff asserts that, the Defendants had knowledge of the

> Plaintiff's contention that the sentence he is serving has been incorrectly calculated and that there is a risk that unwarranted punishment is being or will be inflicted. The Defendants either failed to act or took only ineffectual action under the circumstances despite the Plaintiff's plight. The Plaintiff, also asserts that, there is a causal connection between the Defendants' response to the problem and the infliction of the unjustified detention.
>
> 3.) The Plaintiff asserts that, he has remained confined at the Overton County Justice Center under the authority of the Sheriff, W.B. Melton and Jail Administrator, Shannon Harvey from the day judgment was entered in the Overton County Criminal Circuit Court up to date.

*Id.* (internal citations omitted).

Plaintiff has not submitted a supporting Memorandum of Law.

Defendants have filed a Response to the instant Motion and Concise Statement of Facts, essentially arguing that Plaintiff's Motion should be denied or stricken because the facts included in the Concise Statement of Facts are either legal conclusions or disputed. Docket No. 29.

Plaintiff filed this pro se, in forma pauperis action, alleging that Defendants are violating his rights pursuant to 42 U.S.C. § 1983 because they are depriving him of life and liberty by running his Tennessee and Kentucky sentences consecutively instead of concurrently, as he agreed to when he plead no-contest to his criminal charges. Docket No. 1. Plaintiff also contends that he is "subject to racism daily." *Id.* Plaintiff sues Overton County Sheriff W.B. Melton and Overton County Criminal Justice Center Jail Administrator Shannon Harvey in their individual and official capacities.[1] *Id.* Plaintiff seeks "declaratory relief," "punitive damages,"

---

[1] Plaintiff originally also sued Assistant District Attorney Owen Burnett, Judge David Patterson, and Defense Attorney Joshua Hoeppner as well (*see* Docket No. 1), but those

and "nominal damages." *Id.*

As an initial matter, as has been noted, Plaintiff has filed a Motion and Concise Statement of Facts, but not a supporting Memorandum of Law, as is required by Local Rule 7.01(a). Local Rule 7.01(a) provides:

> **Filing.** Every motion that may require the resolution of an issue of law, in either civil or criminal cases, when filed *shall be accompanied by a memorandum of law* citing supporting authorities and, where allegations of fact are relied upon, affidavits or depositions in support thereof. The memorandum submitted in support of a motion shall contain at the outset a short and concise statement of the factual and legal issues which justify the grant of the relief sought. No memorandum shall exceed twenty-five (25) pages without leave of Court.

LR 7.01(a) (emphasis added).

Plaintiff's Motion does not comply with the Local Rules.

Moreover, under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

In order to prevail on a Motion for summary judgment, the moving party must meet the burden of proving the absence of a genuine issue as to material fact concerning an essential element of the opposing party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548,

---

Defendants were terminated by an Order entered by Judge Sharp on September 25, 2013 (*see* Docket No. 4). Accordingly, Defendants Melton and Harvey are the only remaining Defendants in this action.

2553, 91 L. Ed. 2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). In determining whether the moving party has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Fed. R. Civ. P. 56 provides that the nonmoving party may not rest upon the mere allegations or denials of his or her pleading, but his or her response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. If a nonmoving party, however, fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, there is no genuine issue as to any material fact because a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. When this occurs, the moving party is entitled to summary judgment as a matter of law. *Id.* at 322-23, 106 S. Ct. at 2552; *Williams v. Ford Motor Co.,* 187 F.3d 533, 537-38 (6th Cir. 1999).

In the case at bar, Plaintiff has set forth three "facts" in his Concise Statement of Facts. *See* Docket No. 15. The first "fact" is conclusory and a statement of law. The second and third "facts" are properly disputed by Defendants in their Response. Accordingly, Plaintiff cannot establish either that there are no genuine issues of any material fact or that he is entitled to a judgment as a matter of law.

The undersigned has also considered the Affidavit of Deanna Lee Fankhauser (Docket No. 91 in Case No. 2:13-cv-00019), referenced by Plaintiff in his "Motion to Admit New Found Evidence (Affidavit) in Support of Summary Judgment" (Docket No. 22), but finds that Plaintiff

4

remains unable to establish either that there are no genuine issues of any material fact or that he is entitled to a judgment as a matter of law.

For the foregoing reasons, the undersigned recommends that Plaintiff's Motion for Summary Judgment (Docket No. 15), be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

                                                                         E. CLIFTON KNOWLES  
                                                                         United States Magistrate Judge